O

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | | |
|---|---|---|
| JOSE NMI GARCIA-MONDRAGON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. L-05-173 |
| | § | CRIMINAL ACTION NO. L-04-1831 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Pending before the Court is Petitioner Jose Garcia-Mondragon's Motion to Correct, Vacate or Set Aside Sentence Pursuant to 28 U.S.C. § 2255. [Doc. No. 1]. Upon due consideration of the record, and the governing law, the Court DISMISSES Petitioner's Motion.

**I.    Procedural Background and Relevant Facts**

On October 13, 2004, Petitioner pled guilty to illegal re-entry into the United States in violation of 8 U.S.C. §§ 1326(b)(1) and 6 U.S.C. §§ 202 and 557. [Criminal Doc. No. 19]. Judgment was entered by the Court on March 21, 2005, and Petitioner was subsequently sentenced to 27 months imprisonment. [Criminal Doc. No. 19].

On July 28, 2005, Petitioner filed the § 2255 Motion now before the Court, claiming that he suffered ineffective assistance of counsel at trial, in violation of his Sixth Amendment rights, because: (1) "trial [c]ounsel failed to perform adequate pretrial identification"; (2) because counsel failed to challenge the constitutionality of his sentence in light of the U.S. Supreme Court's recent decision in *United States v. Booker*, 543 U.S. 220 (2005); and (3) because defense counsel failed to file a direct appeal when Petitioner directed him to do so. [Civil Doc. No. 1 at 1-2].

**II.    DISCUSSION**

Dismissal of a § 2255 motion is warranted when "after prompt review of the files, records, transcripts, and correspondence relating to the judgment under attack, it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . ." 28 U.S.C. § 2255 Proc. R. 4(b).

Petitioner collaterally attacks his sentence based solely on the basis of ineffective assistance. It is well established that the Sixth Amendment guarantees the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Further, a § 2255 motion is generally the appropriate vehicle for an ineffective assistance claim. *See United States v. Brown*, 591 F.2d 307, 310 (5th Cir. 1979) ("Claims of inadequate representation which are not raised before the district court cannot be raised on direct appeal . . . [but rather] . . . have been relegated to later petitions under 28 U.S.C. § 2255.").

A party claiming ineffective assistance must show (1) that trial counsel's performance fell below an objective standard of reasonableness, and (2) that the defendant suffered prejudice as a result. *Strickland*, 466 U.S. at 687. The Supreme Court has noted that a reviewing court need not consider either prong of the test in any particular order. *Id.* at 697. Thus, to the extent that doing so facilitates efficient disposal of Petitioner's claims, the Court will address whether Petitioner, based on the record and allegations as they currently stand, is able to demonstrate prejudice.

**A.  Counsel's Failure to Perform "Adequate Pre-trial Identification"**

Petitioner claims that he suffered ineffective assistance because defense counsel "failed to perform adequate pre-trial identification." [Civil Doc. No. 1 at 2]. Petitioner provides no further elaboration on this claim. Indeed, even in light of the Court's obligation to interpret *pro se* complaints forgivingly, the Court is at a loss as to what precisely Petitioner claims trial counsel

2

did incorrectly. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (stating that *pro se* pleadings are held to a "less stringent standard[] than formal pleadings drafted by lawyers."). Petitioner only cites, without explanation, the Fifth Circuit's opinion in *Soffar v. Dretke*, 368 F.3d 441, 473 (5th Cir. 2004), where the court deemed the trial attorney's performance deficient because he failed to interview key eyewitness to the defendant's conduct. Petitioner provides no basis on which counsel's alleged failure to perform "adequate pretrial identification" has worked a Sixth Amendment violation, since he fails to describe who counsel failed to identify, and how he was thereby prejudiced. Rather, he advances only a conclusory allegation that defense counsel failed to perform pretrial identification, as if employing such language lends a sudden talismanic force to his Motion. Without *some* factual allegation to flesh out his claim, Petitioner's assertion is fairly deemed hollow and frivolous.

### B.  Counsel's Failure to Mount a *Booker* Challenge

Petitioner next claims ineffective assistance based on trial counsel's alleged failure to challenge Petitioner's sentence per the Supreme Court's recent decision in *United States v. Booker*, 543 U.S. 220 (2005). According to Petitioner, "[t]he enhancement of 4 additional levels that resulted in an increase of 12 months over the statutory required [for the offense committed] constitute[s] an objection." [Doc. No. 1 at 4]. An examination of the record reveals that any enhancements Petitioner received were due to prior convictions, a basis for enhancement which the Supreme Court was clear in exempting from the rule announced in *Booker*. *See id.* at 244 ("Any fact . . . *other than a prior conviction* . . . which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis added). Therefore, Petitioner, as well as the record, fail to provide any basis on which to

3

conclude that Petitioner's sentence was imposed in contravention to the Supreme Court's ruling in *Booker*.

### C.  Counsel's Failure to Take an Appeal Upon Request

Petitioner next claims that he suffered ineffective assistance because defense counsel failed to file an appeal upon Petitioner's request. [Doc. No. 1 at 5].

Petitioner states that "failure to file [a] notice of appeal upon request is ineffective assistance of counsel without [a] showing that [an] appeal would have [had] merit." [Doc. No. 1 at 5]. He is correct. As the Supreme Court has stated, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *see also Peguero v. United States*, 526 U.S. 23, 28 (1999) ("When counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit."). Nevertheless, Petitioner's claim fails on its face.

Although Petitioner initially claims that trial counsel denied outright his request to appeal, he later reveals that he forewent appealing his conviction based on his attorney's advice that, if he did, "things could get wors[e.]" [Doc. No. 1 at 5]. Petitioner claims that this "induce[d] him into fear . . . caus[ing] his mind to neglect the opportunity for a different outcome in the case." [Doc. No. 1 at 5]. In other words, the Court reads Petitioner's complaint as stating that, upon the advice of counsel, he decided that an appeal would not be in his best interest. "If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal". *Flores-Ortega*, 528 U.S. at 478. Petitioner admits that he

4

ultimately agreed to forego an appeal. Therefore, the Court fails to recognize any real constitutional implication regarding Petitioner's third argument.

### III.     CONCLUSION

It is clear from the face of Petitioner's Motion, as well as the record as it currently stands, that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Accordingly, Petitioner's Motion to Correct, Vacate, or Set Aside Sentence is **DISMISSED**.

IT IS SO ORDERED.

DONE this 13th day of September, 2006 in Laredo, Texas.

                                                             _____
                                                             Micaela Alvarez
                                                             UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**